OLIVIERI *v.* J. TORNABELLS & CO., IN LIQUIDATION.

APPEAL from the District Court of Mayagüez.

No. 60.—Decided May 26, 1904.

OBLIGATIONS—EXTINCTION OF—EVIDENCE.—The proof of obligations devolves upon the person who demands their fulfillment, and proof of their extinction upon the person who opposes the same.

ID.—PUBLIC DOCUMENTS—THIRD PERSONS.—Pubic documents constitute proof, even as against third persons, of the fact which gave rise to their execution.

DEED—CONSIDERATION—PRESUMPTION.—Where the consideration is stated in a deed it is presumed to exist, and if it is not expressed in the deed, the presumption is that it exists and that it is lawful until the contrary is proved.

## STATEMENT OF THE CASE.

This is a case prosecuted in the District Court of Mayagüez by Juan B. Capifali y Rioseco, as plaintiff, in representation of his wife, Ricarda Olivieri y Monsanto, against J. Tornabells & Co., in liquidaton, as defendants, to compel the execution of a deed of acquittance, which case is now pending before us on appeal taken by the plaintiff from a judgment rendered by the said court. The appellant was represented and defended in this court by Attorneys Herbert E. Smith and Cruz Castro, successively, and the respondent by Attorney Damian Monserrat. A copy of the said judgment reads as follows, to wit:

"Judgment.—In the city of Mayagüez, June 27, 1903. The oral and public hearing having been held in this civil suit prosecuted by the plaintiff, Juan Bautista Capifali y Rioseco, a property owner of this place, representing his wife, Ricarda Olivieri y Monsanto, whose domicile is also in this city, first defended by Attorney Robustiano Biaggi, and afterwards by Herbert E. Smith, Esq., against J. Tornabells & Co., in liquidation, as defendants, represented by Attorney Ramón Roura, to compel the execution of a deed of acquittance.

"Ricarda Olivieri y Monsanto filed a complaint against J. Tornabells & Co., alleging as facts: That by public deed executed before Notary Juan Zacarías Rodríguez, on April 7, 1897, she acknowledged that she owed J. Tornabells & Co. the sum of two thousand pesos, provincial money, they having supplied her with the said sum in different amounts and upon different dates, she binding herself to pay the said amount on December 31, 1902, without any premium or interest whatever, and to guarantee the payment of the same she executed a mortgage upon an estate which belonged to her, situated in barrio Rio Cañas Arriba, formerly 'Furnias,' within the municipal jurisdiction of Las Marías, the said estate being devoted to the growing of coffee and pasture and consisting of twenty-five and twenty-three hundredths cuerdas, bounded on the north by the lands of Leon Olivieri and the estate of María Barrientos, on the east by lands of Guadalupe Lecler, and on the west by lands of Mariana of the same surname; the object of the

said contract being that Ricarda Olivieri y Monsanto, should guarantee the transactions which Juan Bautista Capifali should commence on account with the house of J. Tornabells & Co., to provide for his necessities, they to supply him with provisions, which was done, and from the execution of the deed the said transaction commenced to be consummated, and continued until the year 1899; that during those three years Capifali took provisions and made payments at the house of J. Tornabells & Co., which credit was limited to the amount of the guarantee furnished in their favor by the wife, and thus all accounts with the said firm were paid; that Ricarda Olivieri owed nothing directly or personally, and neither does she at present, from the time her husband paid J. Tornabells & Co. Plaintiff cited articles 1221, 1223, 1134, 1748 and 1068 of the Civil Code, and General Order No. 118, series of 1899, and finally prayed that J. Tornabells & Co., in liquidation, be required to execute a deed of acquittance in favor of Ricarda Oliveri y Monsanto, the wife of Juan Bautista Capifali y Rio Seco, for the sum of two thousand *pesos* provincial money; that is to say, one thousand two hundred dollars American gold, the amount of the mortgage executed by the deed of April 7, 1897, she giving her consent in order that the same may be cancelled, but being unable to do so in view of the fact that the credit has passed into the hands of a third person, and that the said firm deposit the said sum of one thousand two hundred dollars American gold to be held at the disposal of Ricarda Olivieri, in order that she may pay the same to the holder of the credit, and obtain the cancellation, and that costs be taxed against the defendants, and that they also be adjudged to pay an indemnity for damages and losses.

J. Tornabells & Co., in liquidation, having been summoned, they appeared in these proceedings and answered the complaint, setting up that by public deed executed in this city on April 7, 1897, before Juan Zacarías Rodríguez, formerly a notary in this city, Ricarda Olivieri y Monsanto, together with her legitimate husband, Juan Bautista Capifali, acknowledged that she owed the firm of J. Tornabells & Co., the sum of two thousand *pesos* of the money then in circulation, which the said firm had previously supplied her, and she bound herself to pay the said amount, without any premium or interest whatever, on the date fixed in the instrument, and to guarantee her compliance with the terms of the agreement, the debtor executed a mortgage upon a tract of land, an incomplete description of which appears in the complaint, the third, fourth and fifth

allegations of which were absolutely denied, since an attempt was made to extend the deed of April 7, 1897, to cases, things, acts and obligations which were not objects of the said instrument, and citing as legal authority articles 1186, 1221, 1223, 1243, 1245, 1250, and 1268 of the Civil Code, and the general rule that the costs should always be taxed against the party whose demands are in all things denied, and finally prayed that judgment be rendered dismissing the complaint with costs against the plaintiff.

"A day having been set for the appearance of the parties, the plaintiff, as well as the defendants, proposed the evidence they deemed proper, consisting of documentary comparison, confession, and the testimony of witnesses, which were admitted by the court as pertinent, and the 20th instant was set for the oral hearing.

"In the evidence presented by Ricarda Olivieri y Monsanto, a request was made and granted that the deed of assignment of the mortgage credit made by J. Tornabells & Co., in liquidation, in favor of J. Julius Colpe, of Hamburg, executed before the notary of this city, Mariano Riera Palmer, on January 22, 1902, by which Carlos Doitteau y Ponce de Leon, representing J. Tornabells & Co, in liquidation, conveyed in payment of an award to the said German firm, the sum owing to them by Ricarda Olivieri, be attached to the record in these proceedings; several accounts of J. Tornabells & Co., were compared with their commercial books, and several experts and witnesses testified before the court.

" J. Tornabells & Co., produced the deed numbered 115 of the protocol of Juan Zacarías Rodríguez, executed on April 7, 1897, by which Ricarda Olivieri y Monsanto, together with her husband Juan Bautista Capifali y Rio Seco, acknowledged a debt owing to the commercial firm of J. Tornabells & Co., amounting to the sum of two thousand *pesos,* current money, which the said firm had supplied her in different amounts and upon different dates, and bound herself to pay the same without any interest or premuim whatever, on December 31, 1902, executing a mortgage especially upon a rural estate situated in *barrio* Rio Cañas Arriba, formerly 'Furnias,' numbered 1, within the municipal jurisdiction of the town of Las Marías, and in the judicial district of this city.

"A day having been set for voting upon the judgment the same was rendered by unanimous decision of the judges, all the rules of procedure having been complied with in the conduct of this case.

"Judge James A. Erwin prepared the opinion of the court.

"Article 1182 of the Civil Code announces the principle that the proof of the obligation devolves upon the person demanding the fulfillment, and proof of their extinction upon the person opposing the same, from which it is clearly and logically to be deduced that if Ricarda Olivieri y Monsanto paid the said amount owing to J. Tornabells & Co., in liquidation, either directly or through her husband, Juan Bautista Capifali, she should have proved this fact.

"Far from so doing, it clearly appears that Ricarda Olivieri on April 7, 1897, before Notary Juan Zacarías Rodríguez acknowledged that she owed J. Tornabells & Co., the sum of two thousand *pesos* of the money then in circulation, which she agreed to pay on December 31, 1902, and it is a well known fact that according to article 1186 of the Civil Code, public documents constitute proof, against the contracting parties, and even against a third party, of the fact which is the object of the execution thereof.

"The consideration being stated in the said deed of April 7, 1897, it cannot be presumed not to exist, and even supposing that this were the case, it is a circumstance which should have been proved by Ricarda Olivieri y Monsanto, in accordance with articles 1243 and 1244 of the Civil Code.

"From the foregoing we find that there is no evidence of payment, or of fraudulent consideration, with respect to the mortgage executed by the plaintiff in favor of J. Tornabells & Co.

"In view of the provisions of article 63 of General Order No. 118, series of 1899, herein cited, we adjudge that we should dismiss and do dismiss the complaint, and in consequence thereof acquit J. Tornabells & Co., in liquidation, of all liability thereunder, and tax the costs against Ricarda Oliveri y Monsanto.

"Thus by this our decision finally adjudging do we pronounce, command and sign.  Arturo Aponte, J. A. Erwin, Enrique Gonzalez Darder.''

From this judgment the representative of Ricarda Olivieri took an appeal, which was allowed, and the record having been sent up to this Supreme Court, after citation and summons of the parties, they having been given an opportunity to examine the record, and a day having been set for the hearing, the same took place without the attendance of counsel for either of the parties.

*Messrs. Smith* and *Cruz Castro,* for appellant.

*Mr. Monserrat,* for respondent.

MR. JUSTICE HERNÁNDEZ, after making the foregoing statement of facts, delivered the opinion of the court.

We accept the findings of fact and conclusions of law contained in the judgment appealed from.

In view of the legal provisions cited herein, we adjudge that we should affirm and do affirm the judgment rendered by the District Court of Mayagüez, on the 27th of June of last year, with costs against the appellant. The record is hereby ordered to be returned to said court with the proper certificate.

Chief Justice Quiñones and Justices Figueras and Mac-Leary concurred.

Mr. Justice Sulzbacher did not sit at the hearing in this case.